[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
On March 4, 2001, a police officer noticed defendant-appellant Ben Ulmer behind the wheel of a car with a female sitting in the passenger's seat. The officer did a license-plate check on the car and learned that the license plates were expired. The officer then approached the stopped car to issue a citation for a traffic violation. According to the officer, Ulmer did not have a driver's license, appeared nervous and agitated, and had trouble answering the officer's questions. Throughout the investigation, the officer asked Ulmer to place his hands on the wheel, but Ulmer repeatedly lowered his hands and placed them at his sides.
When the officer left the car to check Ulmer's social-security number, he observed Ulmer again take his hands off the wheel and quickly bring them down toward his right side. Concerned for his safety, the officer drew his weapon and ordered that Ulmer step out of the car. The officer patted Ulmer down, cuffed him, and placed him in the back of the police cruiser. The officer did a police check on the computer and discovered that Ulmer had an outstanding warrant for a probation violation and that he did not possess a driver's license. At that point, the officer placed Ulmer under arrest.
The officer returned to Ulmer's car, asked the female passenger to step out of the car, and searched the area of the car near where Ulmer had been sitting. The officer recovered a 25-caliber handgun under the front-seat armrest, which was located to the right of the driver. The officer called for backup and, when it arrived, placed the passenger in the extra cruiser. While the officer was taking Ulmer to the Justice Center, he reviewed a tape of the arrest. In the tape, Ulmer admitted that the gun was his. After Ulmer was transported to the Justice Center, the officer recovered two packages of cocaine underneath the back seat of the police cruiser.
Ulmer was indicted for carrying a concealed weapon, having a weapon under a disability, and possession of cocaine. Ulmer filed a motion to suppress the handgun and the contraband. Following two hearings, the trial court granted Ulmer's motion to suppress the handgun. The state has appealed, challenging, in its sole assignment of error, the granting of Ulmer's motion to suppress. We agree that the trial court's ruling was erroneous.
In New York v. Belton,[1] the United States Supreme Court held that when a police officer makes a valid arrest of an occupant in an automobile, the officer may, incident to that arrest, search the passenger compartment of the vehicle. Under Belton, an officer may extend the search incident to the arrest to any containers found in the passenger compartment.[2] In State v. Brown,[3] the Ohio Supreme Court limited the application of Belton on state constitutional grounds, holding that an officer may not open a small, closed container in a search incident to an arrest for a traffic violation after the suspect has been placed under control in the back seat of a police cruiser.
In State v. Pugh,[4] our court limited the holding in Brown to cases involving arrests for only traffic violations. In Pugh, we held that an officer was justified in searching the passenger compartment of a stopped car where, following a traffic stop where the suspect was placed in the back of a police cruiser, the officer had reason to believe that the suspect was attempting to conceal his identity. Similarly, in State v.Murrell,[5] our court again held that an officer was justified in searching the contents of a car where the suspect had been stopped for a traffic violation and placed under control in a police cruiser, and where, during the course of the officer's investigation, the officer became aware that the suspect had an outstanding warrant against him. Under Murell and Pugh, a warrantless search incident to an arrest may be justified even where a subject is initially stopped for a traffic violation if the search is incident to a criminal violation.
In this case, Ulmer was originally stopped for a traffic violation, and, pursuant to Brown, the officer clearly could not have searched the car incident to that offense alone. But once Ulmer was placed under arrest for the criminal violation, i.e., the outstanding warrant, the officer could then have conducted a search of the car incident to that arrest because at that time the officer had a legitimate and heightened concern for his safety, justifying the search of the car, including the passenger compartment, for weapons. As a result, we hold that the trial court erred in granting Ulmer's motion to suppress because the search of the car was valid and the seizure of the contents was not tainted.
Therefore, the trial court's order granting Ulmer's motion to suppress is reversed, and this cause is remanded for further proceedings consistent with this judgment entry.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Doan and Sundermann, JJ.
[1] (1981) 453 U.S. 454, 101 S.Ct. 2960.
[2] See id. at 460, 101 S.Ct. at 2864.
[3] (1992) 63 Ohio St.3d 349, 588 N.E.2d 113.
[4] (Aug. 11, 2000) Hamilton App. No. C-990867, unreported.
[5] (Aug. 25, 2000) Hamilton App. No. C-000103, unreported, appeal not allowed (Dec. 20, 2000), 90 Ohio St.3d 1493, 739 N.E.2d 817.